# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CAMELIA TRAWICK, | : | CIVIL ACTION NO. |
| BOP Reg # 65201-019, | : | 1:16-CV-4452-SCJ-JSA |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:13-CR-340-SCJ-JSA-5 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On October 30, 2016, Movant filed a 28 U.S.C. § 2255 motion to modify her sentence. (Doc. 216). **IT IS RECOMMENDED** that the motion be **DENIED**.

On November 14, 2014, Movant entered into a negotiated plea of guilty to charges of (1) conspiracy to possess with intent to distribute heroin and cocaine and (2) money laundering. (Doc. 174; *see* Doc. 196). On March 13, 2015, she received a 36-month sentence. (Doc. 196). She did not file a direct appeal. Her sole claim in her § 2255 motion is that Amendment 794 to the Sentencing Guidelines, effective November 1, 2015, applies retroactively to require that she receive a minor-role adjustment to her sentence.[1] (Doc. 216 at 5, 7).

---

[1] Although it appears that the motion to vacate is untimely under the applicable one-year statute of limitations, the government does not move to dismiss the § 2255 motion on that basis, and the Court declines to do so *sua sponte*.

I. **Discussion**

A federal prisoner may file a motion to vacate her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). But it is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994) (internal quotations omitted)).

As the government correctly argues (Doc. 221 at 2-3), Movant's claim fails under the exacting standards for § 2255 relief. *See Spencer v. United States*, 773 F.3d 1132, 1135 (11th Cir. 2014) (*en banc*) (holding that a federal prisoner "cannot collaterally attack [her] sentence based on a misapplication of the advisory [sentencing] guidelines"); *Burke*, 152 F.3d at 1332 ("hold[ing] that a claim that the

2

sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice").

Because Movant had the opportunity to seek a minor-role adjustment at her sentencing hearing and on direct appeal, she has not demonstrated a complete miscarriage of justice arising from her 36-month sentence, and she may not obtain relief under § 2255. *See Burke*, 152 F.3d at 1332 ("[Because] . . . a clarifying amendment effect[s] no change in the substantive law, [movant] was afforded the opportunity to raise [his sentencing claim] . . . at his original sentencing and on direct appeal[, so] . . . that the alleged mis-application of the sentencing guidelines in this case was [neither] fundamentally unfair [nor] . . . a miscarriage of justice sufficient to form the basis for collateral relief."); *Baez v. United States*, 1:13-cr-280-WSD, 2017 U.S. Dist. LEXIS 25023, at *6 (N.D. Ga. Feb. 23, 2017) (dismissing § 2255 motion as untimely, but noting: "Even if equitable tolling applied, Amendment 794 does not entitle Movant to resentencing.").

The government also argues that Movant is not entitled to relief even if the Court construes her § 2255 motion as one for a sentence reduction under 18 U.S.C. § 3582, because Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one that applies

retroactively. (Doc. 221 at 2-3 (citing *United States v. Conaway*, 535 Fed. Appx. 898, 900 (11th Cir. 2013) ("To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.10(c) [now 1B1.10(d)].")));  *see also United States v. Barker*, 8:12-cr-93-T-33AEP, 2017 U.S. Dist. LEXIS 12994, at *3-4 (M.D. Fla. Jan. 31, 2017) ("Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), [it] does not authorize a reduction in [movant's] term of imprisonment under § 3582(c)(2)." (citing *United States v. Harlie*, CR 614-020, 2017 U.S. Dist. LEXIS 4522, at *2 (S.D. Ga. Jan. 9, 2017), to the effect that " 'Amendment 794 is not [] listed [] in U.S.S.G. § 1B1.10(d),' and thus does not apply to defendant's § 3582(c)(2) motion")).

As the foregoing demonstrates, Amendment 794 to the Sentencing Guidelines offers Movant no relief from her 36-month term of imprisonment.

## II.   Certificate Of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

4

is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because no reasonable jurist could argue that Movant has set forth a viable claim in her § 2255 motion, a COA should not issue in this matter.

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion (Doc. 216) be **DENIED** and that she be **DENIED** a certificate of appealability.

5

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 29th day of March, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)